### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEBRASKA

| IN THE MATTER OF: | ) | CASE NO. BK  15-40174 |
|---|---|---|
| Marsue K. Payne, | ) | Chapter 13 |
|  | ) |  |
|  | ) | CHAPTER 13 PLAN |
|  | ) | AND |
| Debtor | ) | NOTICE OF RESISTANCE DEADLINE |

1. **PAYMENTS**

The debtor or debtors (hereinafter called "Debtor") submits to the standing Chapter 13 trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount [include any previous payments] | B. Number of Payments | Base Amount (AxB) |
|---|---|---|
| $525.00 | 60 | $31,500.00 |
| $ |  | $ |
| $ |  | $ |

Total Plan Base Amount: $31,500.00

The payment shall be withheld from the Debtor's paycheck:   Yes ☒   No ☐

Employee's name from whose check the payment is deducted: Marsue K Payne

Employer's name, address, city, state, phone: State of Nebraska
Dept. Admin. Services
PO Box 94664
Lincoln, NE 68509-4664

Debtor is paid:   Monthly ☐   Twice monthly ☐   Weekly ☐   Biweekly ☒   Other ☐

This plan cures any previous arrearage in payments to the Chapter 13 trustee under any prior plan filed in this case.

NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.

2. **ORDER OF PAYMENT OF CLAIMS**

Applicable trustee fees shall be deducted, pursuant to 28 U.S.C. § 586(e). Claims shall be paid in the following order: (1) 11 U. S. C. § 1326(a)(1)(B) & (C) pre-confirmation payments for adequate protection or leases of personal property; (2) payments to secured creditors under 11 U.S.C. § 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. § 507(a)(1)(A) priority domestic support claims and approved Chapter 7 trustee compensation; (3) other administrative expense claims under 11 U.S.C. § 503; (4) other priority claims in the order specified in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C. § 1305; (5) co-signed consumer debts; (6) general unsecured claims. Unless otherwise noted, claims within each class shall be paid pro rata. If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

3. **SECTION 1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS**.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will immediately commence plan payments to the trustee. Creditors must file a proof of claim to receive payment. Payments by the trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the trustee does not have funds available within seven working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

| Creditor's Name and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| 1. Santander Consumer Usa<br>Po Box 961245<br>Ft Worth, TX 76161 | xxxxxxxxxxxx1000 | | $150.00 |

4. **ADMINISTRATIVE CLAIMS.**

Trustee fees shall be deducted from each payment disbursed by the trustee.

Neb. R. Bankr. P. 2016-1(A)(4) and Appendix "K" provide for the maximum allowance of Chapter 13 attorney fees and expenses which may be included in a Chapter 13 plan. Total fees or costs in excess of this amount must be approved through a separate fee application. Fees and costs requested for allowance are as follows:

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Plan |
|---|---|---|
| $3,700.00 | $7.00 | $3,693.00 |
| Total Costs Requested | Costs Received Prior to Filing | Balance of Costs to be Paid in Plan |
| $200.00 | $0.00 | $200.00 |

Fees and costs allowed shall be paid at the rate of not less than $ 322.50  per month and shall accrue from the month in which the case is filed.

5. **PRIORITY CLAIMS.**

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claims under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

   A. Domestic Support Obligations:

   1) ☒ None        [If none, skip to Priority Taxes section.]
   2) Name of Debtor who owes Domestic Support Obligation: _____
   3) The names(s), address(es), and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14)(A):

| Name | Address, City, and State | Zip Code | Telephone Number |
|---|---|---|---|
| | | | |

   4) The Debtor is required to pay all post-petition Domestic Support Obligations directly to the holder of the claim and not through the Chapter 13 Plan.

   (B) Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A):

   1) ☒ None        [If none, skip to subparagraph C below.]
   2) Name of holder of Domestic Support Obligation Arrearage Claim, estimated arrears and monthly payment:

| Name of Creditor | Estimated Arrearage Claim | Monthly Payment On Arrearage |
|---|---|---|
| | $ | $ |

   C. Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B):

   1) ☒ None        (If none, skip to Priority Tax Claims.)
   2) Name of Creditor, estimated arrearage claim and any special payment provisions:

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment |
|---|---|---|
| | $ | $ |

   D. Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305:

| Federal:$0.00 | State:$0.00 | Total:$0.00 |

E. Chapter 7 Trustee Compensation Allowed Under § 1326(b)(3):

| Amount Allowed | Monthly Payment (greater of $25.00 or 5% of monthly payment to unsecured creditors) |
|---|---|
| $-NONE- | $ |

F. Other Priority Claims:  None

6. **SECURED CLAIMS**

(A)(1) Home Mortgage Claims (including claims secured by real property which the Debtor intends to retain).
Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 plan with interest as provided below and in equal monthly payments as specified below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the Debtor to object to the amount set forth in the claim.

| Name of Creditor | Property Description | Estimated Pre-petition Arrearage | Pre-confirmation Interest Rate and Dollar Amount Limit, if any | Post-confirmation Interest Rate | Monthly Payment Amount on pre-petition arrears | Total Payments on pre-petition arrears plus interest |
|---|---|---|---|---|---|---|
| -NONE- | | $ | % | $ | % | $ | $ |

A)(2) **The following claims secured by real property shall be paid in full through the Chapter 13 plan.**

| Name of Creditor | Property Description | Pre-confirmation Interest Rate and Dollar Amount Limit, if Any | Post-confirmation Interest Rate | Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|
| -NONE- | | % | $ | % | $ | $ |

B) Post-Confirmation Payments to Creditors Secured by Personal Property. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2). If the Debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1) Secured Claims to Which § 506 Valuation is **NOT** Applicable: Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value", incurred within one year prior to filing of the bankruptcy. These claims will be paid in full with interest as provided below and in equal monthly payments as specified below:

| Name of Creditor | Property Description | Estimated Claim Amount | Pre-confirmation Interest Rate and Dollar Amount Limit, if Any | Post confirmation Interest Rate | Monthly Payment Amount | Total Payments Plus interest |
|---|---|---|---|---|---|---|
| 1. Santander Consumer Usa | 2011 Kia Sorento V6 | $17,600.00 | 0.00% | $0.00 | 5.25% | Payments to commence after the payment of attorney fees pursuant to Paragraph 4. Post Confirmation adequate protection payments in the amount of $150 shall continue until such payments commence | $20,482.52 |

2) <u>Secured Claims to Which § 506 Valuation is Applicable</u>: Claims listed in this subsection are debts secured by personal property <u>not</u> described in the prior paragraph of this plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the Debtor to object to such valuation.

| Name of Creditor | Property Description | Estimated Value of Security or Amount Owed (use lowest amt.) | Pre-confirmation Interest Rate and Dollar Amount Limit, if Any | Post confirmation Interest Rate | Monthly Payment Amount | Total Payments plus interest |
|---|---|---|---|---|---|---|
| 1. Tidewater Finance Company | Household goods and furnishings | $200.00 | 0.00% | $0.00 | 0.00% | Payments to commence after the payment of attorney fees pursuant to Paragraph 4. | $200.00 |

3) <u>Other provisions</u>:

C) <u>Surrender of Property</u>. The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

| Name of Creditor | Collateral to be surrendered |
|---|---|
| -NONE- | |

D) <u>Lien Avoidance</u>. The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

| Name of Creditor | Amount Owed | Property Upon Which Debtor Will Seek to Avoid Lien |
|---|---|---|
| -NONE- | $ | |

**7. EXECUTORY CONTRACTS/LEASES.**
A) The Debtor rejects the following executory contracts:

| Name of Creditor | Property Subject to Executory Contract |
|---|---|
| -NONE- | |

B) The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be included in the Chapter 13 plan. Any pre-petition arrearage will be cured in monthly payments as noted below:

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Name of Creditor | Property Subject to Executory Contract / Lease | Estimated Arrearages on Contract as of Date of Filing | Monthly Payment to be Made on Contract Arrearage | Regular Number of Contract Payments Remaining as of Date of Filing | Amount of Regular Contract Payment | Due date of Regular Contract Payment | Total Payments (arrears plus regular contract payments) |
|---|---|---|---|---|---|---|---|
| -NONE- | | $ | $ | | $ | | $ |

8. **CO-SIGNED UNSECURED DEBTS**
   A) The following co-signed debts shall be paid in full at the contract rate of interest from petition date.

| Name of Creditor | Estimated Amount Due | Contract Rate of Interest | Total Due |
|---|---|---|---|
| -NONE- | $ | % | $ |

9. **UNSECURED CLAIMS**
   A) Allowed unsecured claims shall be paid prorata from all remaining funds.

10. **ADDITIONAL PROVISIONS**

    A)      If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

    B)      Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

    C)      In order to obtain distributions under the plan, a creditor must file a proof of claim within 90 days after the first date set for the meeting of creditors except as provided in 11 U.S.C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

    D)      Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

    (E)     After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings. Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that is a creditor and all creditors scheduled as secured or priority creditors. Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in interest pursuant to Neb.R.Bankr.P. 9013-1(E)(1). **Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.**

### NOTICE OF RESISTANCE DEADLINE

**ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (*SEE* ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE:**

### April 21, 2015

IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.

### CERTIFICATE OF SERVICE

On  March 6, 2015   the undersigned mailed a copy of this plan to all creditors, parties in interest, and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following: Kathleen A Laughlin, Chapter 13 trustee.

DATED:   March 6, 2015  .

                         Marsue K. Payne, Debtor

              By:  /s/ Jessie C. Polson
                    Attorney for the Debtor

           Attorney Number:  #23646
           Attorney Address:  3006 South 87th Street
                                  Omaha, NE 68124
Attorney Phone Number:  (402) 614-7171
  Attorney Fax Number:  (402) 939-0960
Attorney Email Address:  jessie.polson@SamTurcoLawOffices.com

| | | |
|---|---|---|
| Marsue Payne<br>4400 N. 7th, Apt. 202<br>Lincoln, NE 68521 | Accounts Receivables Solutions<br>1500 S 70th Street<br>Ste 106<br>Lincoln, NE 68506 | AFNI<br>404 Brock Dr<br>PO Box 3517<br>Bloomington, IL 61702-3517 |
| Allied Interstate<br>Consumer Service Department<br>PO Box 5023<br>New York, NY 10163 | Amerimark Premier<br>PO Box 2845<br>Monroe, WI 53566-2845 | Bill Me Later<br>PO Box 105658<br>Atlanta, GA 30348 |
| Bryan Medical Center<br>2300 S. 16th Street<br>Lincoln, NE 68502 | Capital Medical Clinic<br>4701 Normal Blvd<br>Lincoln, NE 68506 | CHI Health<br>St. Elizabeth<br>3531 Solutions Center<br>Chicago, IL 60677-3005 |
| Continental Finance LLC<br>121 Continental Drive, Ste. 1<br>Newark, DE 19713 | Credit Management<br>214 W. 1st St<br>PO Box 1512<br>Grand Island, NE 68802 | Creditors Bankruptcy Service<br>PO Box 740933<br>Dallas, TX 75374 |
| DCI Credit Services<br>1409 W Villard<br>Drawer 1347<br>Dickinson, ND 58602 | eCast Settlement Corporation<br>PO Box 29262<br>New York, NY 10087-9262 | eCast Settlement Corporation<br>c/o Bass    Associates, PC<br>3936 E. Ft. Lowell Road, Ste. 200<br>Tucson, AZ 85712 |
| Figi's<br>Attn: Recovery Operations<br>PO Box 7713<br>Marshfield, WI 54449-7713 | Firstbkde/cf<br>5301 Limestone Road, Ste. 106<br>Wilmington, DE 19808 | Gastroenterology Lincoln Endoscopy<br>4545 R Street, Ste. 100<br>Lincoln, NE 68503 |
| John Lee Jackson<br>1445 Langham Creek Drive<br>Houston, TX 77084 | K. Jordan<br>PO Box 2809<br>Monroe, WI 53566 | Kansas Counselors Of K<br>Po Box 14765<br>Shawnee Mission, KS 66285 |
| Keith P. Nash<br>571 N. 12th Road<br>Palmyra, NE 68418 | Lancaster County Attorney<br>575 S 10th Street 4th Floor<br>Lincoln, NE 68508 | Lancaster County Treasurer<br>555 South 10th Street<br>Lincoln, NE 68508 |
| LVNV Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Mabt/contfin<br>121 Continental Dr Ste 1<br>Newark, DE 19713 | National Recovery Agency<br>PO BOX 67015<br>Harrisburg, PA 17106 |

| | | |
|---|---|---|
| Nebraska Lablinc<br>PO Box 82643<br>Lincoln, NE 68501-2643 | North Shore Agency<br>PO Box 9205<br>Old Bethpage, NY 11804-9005 | Portfolio Recovery Associates<br>PO Box 41067<br>Norfolk, VA 23541 |
| PRA Receivables Management<br>PO Box 41067<br>Norfolk, VA 23541 | Premier Bankcard/Charter<br>PO Box 2208<br>Vacaville, CA 95696 | Professional Choice Recovery Inc<br>PO Box 5234<br>Lincoln, NE 68505-0234 |
| Radiology Associates, PC<br>Po Box 82568<br>Lincoln, NE 68501-2568 | RMCB<br>2269 S Saw Mill Rd Bldg 3<br>Elmsford, NY 10523 | SallieMae Servicing<br>Bankruptcy Litigation Unit E3149<br>PO Box 9430<br>Wilkes Barre, PA 18773-9430 |
| Santander Consumer Usa<br>Po Box 961245<br>Ft Worth, TX 76161 | Spine and Pain Centers of Nebraska<br>PO Box 6971<br>Lincoln, NE 68506 | Stoneberry<br>PO Box 2820<br>Monroe, WI 53566 |
| Syracuse Veterinary Service<br>282 No. 30th Rd., P.O. Box G<br>Syracuse, NE 68446 | The Physician Network<br>2000 Q Street, Ste. 500<br>Lincoln, NE 68503-3610 | Tidewater Finance Company<br>PO Box 13306<br>Chesapeake, VA 23325 |
| Union Bank    Trust<br>PO Box 82535<br>Lincoln, NE 68501 | Universal Fidelity Corporation<br>PO Box 941911<br>Houston, TX 77094-8911 | |